**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X          **02 CV 0305 (NG) (LB)**
MARCO LAVAYEN,

                                        **Plaintiff,**

        -against-                                                      **ORDER**

GEORGE DUNCAN,

                                        **Defendant.**
---------------------------------------------------------------X

**GERSHON, United States District Judge:**

        Petitioner Marco Lavayen objects to the Report and Recommendation of Magistrate Judge

Lois Bloom, dated March 8, 2007, recommending that his petition for a writ of habeas corpus be

denied. I have carefully reviewed those objections as well as the underlying papers. To begin with,

I note that Judge Bloom has correctly described and applied the standard of review which a federal

court must use when addressing such a petition.

        I now adopt Judge Bloom's findings and conclusions with regard to petitioner's first two

claims, alleging insufficiency of the evidence and prosecutorial misconduct. The third claim,

ineffective assistance of counsel, is the most substantial. As to that claim, Judge Bloom has

correctly set forth the applicable legal standards. I agree with Judge Bloom that the decision of the

state court was not "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding," as required by 28 U.S.C. § 2254(d)(2). On the contrary,

Justice Tomei's findings are fully supported by the record before him. To the extent that petitioner

argues that Justice Tomei's findings reflect mixed questions of fact and law, I nonetheless see no

basis for disturbing them. His conclusions were neither contrary to, nor an unreasonable application

of, clearly established federal law.

Although the application before Justice Tomei under New York Criminal Procedure Law § 440.10 was brought years after petitioner was aware of the facts supporting his claim of ineffectiveness of counsel, Justice Tomei treated it with the utmost seriousness, appointed able counsel for the petitioner, held several days of hearings and engaged in extensive colloquy with counsel in an effort to fully apprehend the issues. He then wrote a lengthy and detailed decision setting forth both his factual conclusions and his reasons for denying the Section 440.10 application. His rationales are sound and fully in keeping with clearly established federal law. As Judge Bloom noted, the recent decision of the Court of Appeals for the Second Circuit, *Wells v. Greiner*, 417 F.3d 305 (2d Cir. 2005), rejected the notion that the failure of trial counsel to remember his investigations or his trial strategy decisions is decisive of whether he acted unreasonably. Rather, where as here, as described by Justice Tomei, a reasonable trial strategy is "transparent on the record," *Wells* at 320, and where the alternative trial strategy proffered by the habeas petitioner, while itself reasonable, is fraught with potential dangers, the presumption remains that counsel engaged in strategic decision making that should not be second-guessed by the habeas court. Here, as in *Wells*, there is no evidence that counsel based his strategic decisions on any improper grounds, and the trial judge, who also conducted the Section 440 hearing, and therefore was in the best position to know, found trial counsel's performance to be entirely competent in each respect now criticized as well as thorough and effective throughout the trial. As noted earlier, the record thoroughly supports this conclusion.

The conclusion that counsel was not constitutionally ineffective applies not only to the decision to attack the one-witness identification rather than offering other, in many ways problematic, witnesses who would have put the petitioner at the scene, but also to counsel's decisions regarding cross-examination of the State's principal witness and regarding use of the

ballistics evidence.   Counsel's cross-examination of the witness was thorough and effective;  his

not cross-examining the witness about every inconsistency in the record by no means undermined

the defense, nor did it suggest incompetence.   With regard to the ballistics evidence, as Judge

Bloom and Justice Tomei found, counsel made effective use of the ballistics evidence even though

he did not make the particular argument that petitioner argues he should have made.  Petitioner's

argument that defense counsel did not even read the ballistics evidence or the other discovery

provided to him by the prosecution and therefore could not have made a strategic decision regarding

it is not supported by Justice Tomei's factual findings, or by the record before Justice Tomei.  In

addition, the State has fully answered such claims in its Supplemental Memorandum of Law.  The

presumption that counsel was familiar with the available evidence has not been overcome and, in

many respects, his familiarity with it is established affirmatively.

     For all these reasons, the petition for a writ of habeas corpus is denied in its entirety.


**SO ORDERED.**


_____/s/_____
**NINA GERSHON**
**United States District Judge**


Dated:      Brooklyn, New York
           June 7, 2007